UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA FAVELL,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. ED CV 09-263-PJW<br><br>MEMORANDUM OPINION AND ORDER |

## I. INTRODUCTION

Plaintiff Lisa Favell appeals a decision by Defendant Social Security Administration ("the Agency"), denying her application for Supplemental Security Income ("SSI"). She claims that the Administrative Law Judge ("ALJ") erred when she: (1) failed to properly consider the treating doctor's opinion; (2) failed to properly consider the side effects of Plaintiff's medications; (3) concluded that Plaintiff had not suffered any episodes of decompensation; and (4) failed to include all of Plaintiff's limitations in the hypothetical question to the vocational expert. (Joint Stip. at 2.) For the reasons explained below, the ALJ's decision is reversed and the case is remanded.

## II. SUMMARY OF PROCEEDINGS

In August 2005, Plaintiff applied for SSI, alleging that she had been disabled since December 2000, due to major depressive disorder and bipolar disorder. (Administrative Record ("AR") 74-103.) The Agency denied her application. (AR 61-67.) She then requested and was granted a hearing before an ALJ. (AR 28-31.) On July 7, 2008, Plaintiff appeared with counsel at the hearing. (AR 33-60.) On September 4, 2008, the ALJ issued a decision denying benefits. (AR 8-17.) Plaintiff appealed to the Appeals Council, which denied review. (AR 3-6.) She then commenced the instant action.

## III. ANALYSIS

### A. The Treating Psychiatrist's Opinion

Plaintiff's treating psychiatrist Richard N. Feldman filled out check-list forms, rating various functions, each time he treated her. (AR 128-63.) Dr. Feldman regularly checked a box on the form indicating that, in his opinion, Plaintiff was not capable of working (AR 128, 132, 134, 136, 138, 140, 147, 149, 151, 153, 155, 163), or could only work "with support." (AR 157, 159, 161.) The ALJ failed to mention these findings in assessing Plaintiff's ability to work. Plaintiff contends that this amounted to error and requires reversal. The Agency disagrees. For the following reasons, the Court sides with Plaintiff.

"By rule, the [Agency] favors the opinion of a treating physician over non-treating physicians." *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007); *see also Morgan v. Comm'r*, 169 F.3d 595, 600 (9th Cir. 1999) (explaining that treating physician's opinion "is given deference because 'he is employed to cure and has a greater opportunity to know and observe the patient as an individual'"

(quoting *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987))). For this reason, a treating physician's opinion regarding a claimant's medical condition that is well-supported and not inconsistent with other substantial evidence in the record will be given controlling weight. *Orn*, 495 F.3d at 631; *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988).

A treating doctor's opinion regarding a claimant's ability to work, however, is different. A person's ability to work is not strictly, or even generally, a medical decision. It is, instead, a combination of medical issues, occupational issues, and social security rules, regulations, and case law, governing disability determinations. *See generally* 20 C.F.R. 416.927(e). For that reason, the Agency is not bound by a doctor's opinion that a claimant cannot work. *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002); Social Security Ruling ("SSR") 96-5p. That being said, however, an ALJ must still consider that portion of a doctor's opinion:

> [O]pinions from any medical source on issues reserved to the [Agency] must never be ignored. The [ALJ] is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the [Agency]. If the case record contains an opinion from a medical source on an issue reserved to the [Agency], the [ALJ] must evaluate all the evidence in the case record to determine the extent to which the opinion is supported by the record.

SSR 96-5p.

3

Dr. Feldman rendered an opinion on an issue reserved to the Agency, i.e., that Plaintiff could not work. The ALJ did not discuss this opinion and explain whether she believed that it was supported by the record. As such, she erred.

The Agency disagrees. It points out that the ALJ was not required to accord any special weight to that opinion because it was an issue reserved to the Agency. (Joint Stip. at 5.) It argues, it seems, that ignoring the opinion was the same thing as not according it any special significance. (Joint Stip. at 5.) The Court disagrees. Ignoring evidence is not the same thing as not according it any weight. Ignoring the evidence is just that, ignoring the evidence. SSR 96-5p requires that she address it. By not setting out her thinking on this issue, the parties and the Court are simply left to wonder whether she intentionally left out an analysis of the issue or simply overlooked the fact that the doctor had made these findings.

The Agency also argues that the ALJ was justified in not affording the opinion any credence because Plaintiff was working at the time that Dr. Feldman opined that she could not work and Dr. Feldman must not have known it. (Joint Stip. at 5.) The Agency argues that this fact undermines Dr. Feldman's opinion. (Joint Stip. at 5-6.) Again, the Court disagrees. The Court is limited to affirming the ALJ's decision for the reasons she sets forth in her decision. *See Bray v. Comm'r*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ-not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking."). The ALJ did not state that she was discounting Dr. Feldman's opinion for this reason and,

4

therefore, the Court is unable to affirm her decision based on this reason.  Further, as Plaintiff points out, Dr. Feldman had concluded that Plaintiff could work "with support" prior to November 2005.  (AR 157, 159, 161.)  Thus, the fact that Plaintiff was working in 2005 despite Dr. Feldman's subsequent conclusion that she could not work does not undermine his opinion.

Finally, the Agency argues that Dr. Feldman's opinion should be rejected because Plaintiff was not compliant with her treatment, failed to obtain treatment for extended periods of time, and did not always take her medication as prescribed.  (Joint Stip. at 6.)  But the ALJ did not rely on any of these reasons for rejecting Dr. Feldman's opinion so they cannot form the basis of an affirmance here. *Bray*, 554 F.3d at 1225.

The Court has considered whether the ALJ's oversight could be considered harmless.  To reach this conclusion, the Court would have to "confidently conclude that no reasonable ALJ, when fully crediting [the evidence], could have reached a different disability determination." *Stout v. Comm'r*, 454 F.3d 1050, 1056 (9th Cir. 2006) (defining harmless error in social security context) (emphasis added); *see also Carmickle v. Comm'r*, 533 F.3d 1155, 1162-63 (9th Cir. 2008) (explaining that, under *Stout*, where ALJ provides no reason for rejecting evidence at issue, reviewing court must consider whether ALJ would have made different decision if he relied on the rejected evidence).  The Court cannot reach that conclusion here and, therefore, finds that the error is not harmless.

B.   Plaintiff's Remaining Claims

Plaintiff raises three additional claims which the Court finds can be summarily disposed of.  She argues first that the ALJ failed to

consider the side effects of her medication.  (Joint Stip. at 7-9.)
The ALJ specifically noted in her decision that she considered the
side effects of Plaintiff's medication and that she adjusted
Plaintiff's residual functional capacity to account for them.  (AR
16.)  Thus, this argument is without merit.

    Plaintiff next contends that each change in her medication
regimen was indicative of an episode of decompensation.  (Joint Stip.
at 8, 11.)  This contention is rejected.  Decompensation is defined
as:

> [E]xacerbations or temporary increases in symptoms or signs
> accompanied by a loss of adaptive functioning, as manifested
> by difficulties in performing activities of daily living,
> maintaining social relationships, or maintaining
> concentration, persistence, or pace.  Episodes of
> decompensation may be demonstrated by an exacerbation in
> symptoms or signs that would ordinarily require increased
> treatment or a less stressful situation (or a combination of
> the two).  Episodes of decompensation may be inferred from
> medical records showing significant alteration in
> medication; or documentation of the need for a more
> structured psychological support system (e.g., hospitaliz-
> ations, placement in a halfway house, or a highly structured
> and directing household); or other relevant information in
> the record about the existence, severity, and duration of
> the episode.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(C)(4).

    Thus, though a significant change in medication can be a sign
that decompensation has occurred, a change in medication itself is not

proof of decompensation. *Hutson v. Astrue*, 2009 WL 1303355, at *6 (C.D. Cal. May 8, 2009). The record does not support Plaintiff's contention that episodes of decompensation triggered the changes in her medication. As such, this claim is rejected.

Finally, Plaintiff contends that the ALJ erred when she failed to include in the hypothetical question to the vocational expert Dr. Feldman's opinion that Plaintiff could not work (or could only work "with support") and would likely suffer episodes of decompensation. (Joint Stip. at 14.) The ALJ did not accept Dr. Feldman's opinion that Plaintiff could not work. Had she done so, there would have been no need to rely on a vocational expert because the analysis would have ended before step five. The ALJ also did not accept Dr. Feldman's opinion that Plaintiff could only work with support. On remand, if the ALJ agrees with either of these opinions, she should amend her decision accordingly.

As to episodes of decompensation, the Court has rejected Plaintiff's argument that her repeated changes in medication were indicative of episodes of decompensation. Thus, the ALJ was not required to include those instances in his hypothetical question to the vocational expert. *See Thomas*, 278 F.3d at 959-60; *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001).

## IV. CONCLUSION

For the reasons set forth above, the Court concludes that the Agency's decision denying benefits is not supported by substantial

evidence. The decision is, therefore, reversed and the case is remanded for further consideration in light of the Court's decision.[1]

IT IS SO ORDERED.

Dated: July 14, 2011.

*Patrick J. Walsh*
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-CLOSED\Closed-Soc Sec\FAVELL, L 263\MEMO.wpd

---

[1] Plaintiff requested that the Court reverse the Agency's decision and remand the case for an award of benefits. The Court recognizes that it has the authority to do so, *see, e.g., Reddick v. Chater*, 157 F.3d 715, 728 (9th Cir. 1998) (noting decision whether to remand or simply award benefits is within discretion of court), but finds that reversal for an award of benefits is not warranted. As explained above, the question of whether someone can work is a question for the Agency, not a doctor. Had the ALJ offered legitimate reasons for rejecting Dr. Feldman's opinion that Plaintiff could not work, the Court would likely have upheld the decision. Thus, remand is appropriate to further develop the record.